IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 12-60 |
| v. | ) Judge Cathy Bissoon |
| | ) Magistrate Judge Mitchell |
| CHRISTINE STUDENY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Jean Coulter ("Plaintiff") brings the instant cause of action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq*. Plaintiff alleges that a host of Defendants violated her rights under the First, Sixth, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States, as well as her "fundamental rights as a parent" and her "rights to life, liberty and the pursuit of happiness" in connection with special conditions of probation that were imposed upon her in 2010.[1]  This matter was referred to a United States Magistrate Judge for

---

[1] This is the second of eight civil rights cases that have been filed in this Court by Plaintiff since September of 2011.  All of these cases appear connected with state court proceedings involving Plaintiffs' criminal conviction for assaulting her minor child, and/or the subsequent termination of her parental rights.  Compare Civ. A. Nos. 11-1201, 12-60, 12-338, 12-641, 12-978, 12-1050, and 12-1241, and 12-1461.  Plaintiff appealed from the dismissal of 11-1201 on March 26, 2012.  The dismissal of that case was affirmed summarily on May 30, 2012.  See Coulter v. Doerr, No. 12-1864, 2012 WL 1941594 (3d Cir. May 30, 2012).  Chief United States District Judge Gary L. Lancaster dismissed 12-641 for lack of jurisdiction on June 17, 2012, and that decision also has been affirmed by the Court of Appeals.  See Coulter v. Allegheny Cnty. Bar Assoc., No. 12-2988, 2012 WL 4015082 (3d Cir. Sept. 13, 2012).  This Court dismissed 12-978 for lack of subject matter jurisdiction on August 21, 2012, and notice of appeal from that decision was filed on September 19, 2012.  See Coulter v. Ramsden, No. 12-3685 (3d Cir. filed Sep 19, 2012).  12-338 was dismissed on September 13, 2012, and Plaintiff filed notice of appeal on October 9, 2012.  Orders to show cause currently are pending in 12-1050, 12-1241 and 12-1461.  Because of Plaintiff's history of filing related – and indeed duplicative – cases, the magistrate judge, the undersigned and the Court of Appeals had the opportunity to explain to Plaintiff, *ad*
(continued. . .)

pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges.

Plaintiff's initial complaint was filed on January 17, 2012. (Doc. 1). In response to Defendants' first motions to dismiss, Plaintiff filed an amended complaint on July 5, 2012. (Docs. 25-26). Defendants filed a second round of motions to dismiss on July 19, 2012. (Docs. 28, 30, 33). On September 21, 2012, the magistrate judge issued a report and recommendation recommending that these be granted, and that this case be dismissed. (Doc. 37). Plaintiff timely filed objections on October 4, 2012. (Doc. 38). The bases for Plaintiff's objections are largely addressed in the magistrate judge's report. However, in the interest of thoroughness, the undersigned will address four issues specifically.

First, Plaintiff contests the magistrate judge's treatment of her claims regarding her conditions of probation as arising under the Fourteenth Amendment, rather than the Eighth Amendment. (Doc. 38 at 11-12). Plaintiff, however, provides no citations to any legal authority indicating that conditions of probation *can* give rise to an Eighth Amendment claim. See United States v. Fields, 324 F.3d 1025, 1027-28 (8th Cir. 2003). Even if the Eighth Amendment's prohibition of cruel and unusual punishment could, somehow, apply to felons on probation, Plaintiff still fails to allege an extreme deprivation of life's necessities, deliberate indifference to a serious medical need, or an excessive use of force. As a result, such claims would fail under an Eighth Amendment analysis. See Hoffman v. Stulga 464 F. App'x 229, 232 (5th Cir. 2012) (citing cases). The magistrate judge's analysis of these claims under the Fourteenth Amendment was proper, and this objection is without merit.

---

*nauseam*, the reasons why her repetitive legal arguments lack merit. Given the content of her current objections, it appears that Plaintiff remains willfully blind to those explanations.

Next, Plaintiff takes issue with the magistrate judge's interpretation of the time-frame of her case. See (Doc. 38 at 16 n.9). While this argument is somewhat difficult to follow, it appears to apply to the magistrate judge's assessment that Plaintiff's allegations that she was told by Defendants that she must live in Pittsburgh, or could not live in Philadelphia, violated her right to due process.[2] See (Doc. 37 at 13-14; Doc 25 at 3-4). As the magistrate judge properly noted, this alleged condition of probation does not appear on the public record, and Plaintiff's attempt to raise similar arguments in an earlier case was rejected by the Court of Appeals. See Coulter v. Doerr, No. 12-1864, 2012 WL 1941594, at *2 (3d Cir. May 30, 2012); see also (Doc. 32 at 48-50). Additionally, the public record indicates that Plaintiff was afforded the opportunity (an opportunity she took) to contest the special conditions of her probation before the Court of Common Pleas and, when dissatisfied with the results, to appeal that court's decision to the Superior Court of Pennsylvania. (Doc. 32 at 48, 56-63). Thus, it is clear that she has received all of the process that she is due with respect to these claims.

Third, Plaintiff seeks leave to file a second amended complaint, but provides no plausible argument in her objections as to why amendment would cure the defects in her current pleading. Indeed, her stated intention of clarifying the timeline of her case would, for the reasons stated above, be insufficient to save her claims, and granting leave to do so would be futile. Additionally, Plaintiff already filed an amended complaint in response to Defendants' first round of motions to dismiss. Given that fact, as well as her history of filing frivolous, duplicative cases regarding substantially the same subject matter, leave to amend a second time would be

---

[2] Plaintiff actually did move to her current residence – in Philadelphia – on or before November 27, 2011. It is noteworthy that she does allege in either of her complaints that she has suffered any sort of sanctions as a result. See (Doc. 37 at 2-3 n. 2).

3

inequitable as well.  Thus, leave to amend will be denied.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

Finally, to the extent that Plaintiff moves for the magistrate judge to be "removed" from this case, see (Doc. 38 at 3), her request will be denied.  There is no indication in the record of this case, or in any of Plaintiff's other, numerous civil rights cases, that the magistrate judge has behaved in a manner that "was anything other than completely fair and impartial."  Doerr, 2012 WL 1941594, at *2.  Plaintiff presents this Court with no legal or factual basis for recusal, and instead relies on a pattern of vitriol, threats, and spite in an attempt to force her will on the judges that have presided over her many, many proceedings.  As this Court, and the Court of Appeals, have made quite clear to Plaintiff in the past, her mere displeasure with the rulings of the magistrate judge is not an adequate basis for recusal.  Id. at *3 (citing Securacomm Consulting Inc. v. Securacom, Inc., 244 F.3d 273, 278 (3d Cir. 2000)).

After *de novo* review of the pleadings and documents in the case, together with the amended report and recommendation (Doc. 37), as well as Plaintiff's objections (Doc. 38), the following ORDER is entered:

AND NOW, this 12th day of October, 2012,

IT IS HEREBY ORDERED that Defendants' motions to dismiss (Docs. 28, 30, and 33) are GRANTED and this civil action is DISMISSED.

IT IS FURTHER ORDERED that, to the extent that Plaintiff's objections (Doc. 38) may be construed as a motion for recusal, the same is DENIED.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (Doc. 37), as it is modified by this memorandum order, is adopted as the opinion of the Court.

BY THE COURT:

<u>s/Cathy Bissoon</u>
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc:
**JEAN COULTER**
4000 Presidential Boulevard
Apartment #507
Philadelphia, PA 19131