IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 12-60 |
| v. | ) Judge Cathy Bissoon |
| | ) Magistrate Judge Mitchell |
| CHRISTINE STUDENY, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Before this Court is Plaintiff's Petition for Recusal and Petition for Reconsideration under Rule 59. (Doc. 41). In this motion, Plaintiff seeks the recusal of the undersigned and the magistrate judge from this case, as well as reconsideration of the orders granting Defendants' motions to dismiss and entering judgment against her. See (Docs. 39 and 40).

Turning first to the issue of recusal, it is noteworthy that Plaintiff has filed no fewer than eight civil actions in this Court, and at least five in the Court of Appeals, concerning substantially the same issues and occurrences. See, e.g., (Doc. 39 at 1 n.1) (briefly reciting a history of Plaintiff's conspicuous history of duplicative litigation concerning her criminal conviction for assaulting her minor child and subsequent termination proceedings in state court). It is not hyperbole to state that, in these cases, Plaintiff has filed a multitude of motions for recusal – all of which, like the instant motion were utterly lacking in merit. For the reasons explained to Plaintiff *ad nauseam* by this Court and the Court of Appeals, the instant motion for recusal, like all those that preceded it, will be denied.

As to the Rule 59 motion, such relief is granted sparingly "[b]ecause federal courts have a strong interest in the finality of judgments." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 938, 943 (E.D. Pa. 1995). As the United States Court of Appeals for the Third Circuit

has noted, the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "[J]udgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id., citing North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir.1995).  A motion for reconsideration, however, is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.  Abu-Jamal v. Horn, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (internal quotations omitted)).

An examination of the instant motion leads inescapably to the conclusion that Plaintiff's argument is frivolous.  Plaintiff fails to raise any new facts or intervening change of controlling law, or make a showing of the need to correct clear error of law or fact to prevent manifest injustice.  Instead, Plaintiff simply disagrees with this Court's prior ruling, and seeks another bite at the litigation apple.  That alone is insufficient to provide a basis for reconsideration.  Her motion will be denied.

Finally, Plaintiff has been warned on multiple occasions that her use of vitriolic language, filing of meritless, duplicative motions, and initiation of frivolous, duplicative lawsuits, will not be tolerated.  See, e.g., (Doc. 6 at 3 n.4), Coulter v. Ramsden, No. 12-978 (W.D. Pa. Aug. 21, 2012); (Doc. 38 at 5) Coulter v. Butler Cnty. Children and Youth Servs., No. 12-338 (W.D. Pa.

Sep. 13, 2012).  Plaintiff has chosen to persist in harassing and vexatious filings.  Accordingly, the follow order is entered.

AND NOW, this 8th day of November, 2012,

IT IS HEREBY ORDERED that Plaintiff's s Petition for Recusal and Petition for Reconsideration under Rule 59 (Doc. 41) is DENIED.

IT IS FURTHER ORDERED that a rule to show cause is issued against Plaintiff. Plaintiff shall, on or before **November 23, 2012**, show good cause why sanctions should not be entered against her pursuant to Rule 11 of the Federal Rules of Civil Procedure for filing numerous motions that she knows are without merit.  Plaintiff also shall show good cause why a vexatious litigant order should not be entered against her.  See Chipps v. U.S.D.C. for the M.D. of Pa., 882 F.2d 72, 73 (3d Cir. 1989).  Such an order could prohibit Plaintiff from filing further lawsuits regarding the issues underlying her prior litigation without first obtaining leave of court.

IT IS FURTHER ORDERED that a hearing on the above show cause order is scheduled for **December 17, 2012, at 10:30 a.m.**, before the undersigned, in Courtroom 9A of the United States Courthouse in Pittsburgh, Pennsylvania.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc:
**JEAN COULTER**
4000 Presidential Boulevard
Apartment #507
Philadelphia, PA 19131