**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEAN COULTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-60 |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Mitchell |
| CHRISTINE STUDENY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JEAN COULTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-1050 |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Mitchell |
| MARY SUZANNE RAMSDEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JEAN COULTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-1241 |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Mitchell |
| JAMES E. MAHOOD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JEAN COULTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-1461 |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Mitchell |
| GALE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Currently before this Court is Plaintiff's Petition for Stay, Reconsideration and Recusal, in which she seeks a variety of forms of relief in four of the eight civil rights cases that she has filed in this Court since September of 2011. Her request for a stay appears to be applicable to Civil Action Numbers 12-60, 12-1050, and 12-1241, in which a show cause hearing is scheduled for December 17, 2012, in order to address Plaintiff's filing of vexatious, duplicative lawsuits, as well as a litany of motions that she knows to be without merit. See, e.g. (Docs. 2 and 9) Coulter v. Mahood, No. 12-1241 (W.D. Pa. filed Aug. 28, 2012). While Plaintiff presents no meritorious reason in this motion to stay this hearing, it is noted that, with the filing of her notice of appeal in 12-60, this Court has been divested of jurisdiction over that case. See, e.g., Griggs v. Provident Consumer Discount, 459 U.S. 56, 58 (1982) ("[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); Gleeson v. Prevoznik, 253 F. App'x 176, 179 (3d Cir. 2007) ("[t]imely filing of a notice of appeal conferred jurisdiction on this Court and divested the District Court of control of the case").

While it would be improper to address the show cause order in 12-60 at the December 17, 2012, hearing, there is no issue – jurisdictional or otherwise – precluding this Court from addressing the show cause orders in 12-1050 and 12-1251. Further, it would not interfere with the Court of Appeals's jurisdiction over the appeal from the dismissal of 12-60 to consider Plaintiff's response to the show cause order in in that case – which, it is noted, is identical in substance to the supplemental show cause orders issued on December 7, 2012, in 12-1050 and 12-1241. Nor would it interfere with that court's jurisdiction to consider Plaintiff's conduct in 12-60 when determining whether the issuance of a vexations litigant order in 12-1050 and

12-1251 would be appropriate. Accordingly, the show cause hearing scheduled for December 17, 2012, will not be stayed – however, the hearing will not result in the issuance of an order on the pending show cause order in Civil Action Number 12-60.

Plaintiff next moves for reconsideration – which appears to be applicable only to 12-1461. As Plaintiff is well aware from this Court's denial of a similarly frivolous motion in 12-60, such relief is granted sparingly "[b]ecause federal courts have a strong interest in the finality of judgments." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 938, 943 (E.D. Pa. 1995). As the United States Court of Appeals for the Third Circuit has noted, the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "[J]udgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id., citing North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir.1995). A motion for reconsideration, however, is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. Abu-Jamal v. Horn, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (internal quotations omitted)).

An examination of the instant motion leads inescapably to the conclusion that Plaintiff's argument is frivolous. Plaintiff fails to raise any new facts or intervening change of controlling law, or make a showing of the need to correct clear error of law or fact to prevent manifest

injustice. Instead, she appears to take issue with the fact that the undersigned – a District Judge – issued an order dismissing 12-1461 without first waiting for the magistrate judge to issue a report and recommendation. She also appears dissatisfied with the fact that she never was given the option to consent to the jurisdiction of a magistrate judge, or to enter a district judge option on the docket.[1]  Stated in the kindest possible terms, these arguments do not provide a basis for reconsideration under the above standard. As such, this portion of Plaintiff's motion will be denied.

Finally, Plaintiff, once again, moves for recusal of the undersigned and the magistrate judge, as well as transfer of this case to another venue. For the reasons stated by this and other courts in its orders denying similar motions in Plaintiff's other cases, this relief will be denied as well. See, e.g., Coulter v. Doerr, No. 12-1864, 2012 WL 1941594, at *3 (3d Cir. May 30, 2012). Accordingly, the following order is entered.

AND NOW, this 14th day of December, 2012,

IT IS HEREBY ORDERED that Plaintiff's Petition for Stay, Reconsideration and Recusal is DENIED, as stated above.

                BY THE COURT:

                s/Cathy Bissoon
                CATHY BISSOON
                UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has filed a multitude of motions an attempt to force the recusal of the magistrate judge and the undersigned from her cases. Indeed, the instant motion includes the accusation that the magistrate judge has acted as "Defendants' Counsel" in several of Plaintiff's cases. As such, the irony of this particular argument is not lost on this Court.

cc:
**JEAN COULTER**
4000 Presidential Boulevard
Apartment #507
Philadelphia, PA 19131